GEORGE H. SNELLING *vs.* JOHN LYNCH.

Under a declaration alleging that the plaintiff was engaged in excavating earth at a particular place, and hauling the same to be used in the construction of a causeway, and that the defendant, in consideration that he would discontinue such excavation, promised to procure a sufficient quantity of earth elsewhere for him, and to pay him for his loss of time and increased trouble, inconvenience and expense occasioned by the change, and that he accordingly discontinued the excavation, and lost time and was put to trouble, inconvenience and expense by reason thereof, a bill of particulars thereof being annexed, the plaintiff cannot recover any damages on the ground of increased trouble, inconvenience and expense, if it appears that he had let out to a sub-contractor the whole work of excavating and hauling the earth for a gross sum, and it does not appear that he has paid out or is liable to pay any additional sum to him, or that he has been put to any special trouble or inconvenience, by reason of the change.

REVIEW of an action of contract in which the defendant in review recovered damages against the plaintiff in review, on a default. The present defendant was allowed to file an amended declaration, which was solely relied upon at the trial, and which set forth that he was engaged in excavating and removing from an estate in Brookline a quantity of earth which he had purchased for the construction of a causeway, and that Snelling, in consideration that he would discontinue said excavation, promised to procure a sufficient quantity of earth elsewhere for him, and to pay him for the time that he and his teams should be kept idle, awaiting such procurement, the same prices that would otherwise have been earned, namely, at the rate of $3.50 a day for each team, and for his own trouble and inconvenience in thus suspending his work, and for the additional trouble, inconvenience and expense of excavating the earth from the new site, and of hauling the same a greater distance ; and that he discontinued the excavation accordingly, and remained idle

awaiting the procurement of other earth by Snelling, and was put to trouble, inconvenience and extra expense, in making the excavation and hauling the earth from the new site; whereupon Snelling owed him $318, according to a bill of particulars which was annexed. The first five items of the bill of particulars were for time lost; and the nineteen following items were for increased trouble, inconvenience and expense. The answer contained general denials.

At the trial in the superior court, before *Rockwell*, J., it ap peared that one Rhodes was engaged in filling up certain flats, and had purchased a quantity of earth at the old fort in Brookline to be used in said work, and had contracted with Lynch to haul the same from the fort to the place of filling, within a certain time, for a specified price; that in December 1860, when a portion of the earth had been removed, an extension of the time of doing the work was agreed to by all the parties in interest, and the work at the old fort was discontinued for a few days, until other earth was obtained in the neighborhood, but at a greater distance from the place of filling, as a substitute. Lynch testified that at this time he had no men or teams in his employment, but had previously let out the whole work undertaken by him to one Corcoran, who, in pursuance of this contract, employed his own teams, and excavated and hauled the whole quantity of earth; that he had received from Rhodes the sum agreed upon, and had paid to Corcoran the sum agreed to be paid to him, and had not paid to him or to any other person anything more on account of the suspension of the work at the fort, or by reason of the change. Snelling thereupon contended that Lynch was not entitled to recover any damages, and asked the court to instruct the jury that if these facts were true Lynch could not recover anything on the first five items in his bill of particulars; and, secondly, that if Lynch had received all the money to which he was entitled from Rhodes, without any deduction for the delay consequent upon suspending the work at the old fort, and had paid over the same money to Corcoran, and had not paid any more money on account of the increased distance of hauling the last portion of the earth, or of the greater difficulty,

Snelling v. Lynch.

if any, of excavating from the new site, then he was not entitled to recover anything for the remaining nineteen items.

The judge instructed the jury that if the contract set out in the declaration was proved, they might inquire how many days or parts of days, if any, the teams were prevented from working by reason of this agreement alone, not including such delays as were caused by stormy weather or otherwise, and might give damages therefor; that although Lynch had underlet the work, yet the men and teams employed might be considered as his, in the true sense of the contract, provided it was understood between the parties that he was to stop them from further work at the old fort, and he did so stop them; that, in regard to the remaining items, the claim of Lynch might be maintained, if the jury were satisfied that there was extra expense attending the excavation at the new site, and in hauling the earth taken therefrom; and if the evidence sustained the allegations as to an agreement to pay for these items, the only question to be considered was, how much would be a reasonable sum therefor.

The jury returned a verdict in favor of the defendant in review, and the plaintiff in review alleged exceptions.

*G. Griggs*, for the plaintiff in review.

*J. C. Crowley*, for the defendant in review.

BIGELOW, C. J. The instructions to the jury were deficient in not meeting fully the second prayer submitted by the plaintiff in review. The real issue under the pleadings was, whether the defendant had in fact been put to any extra or additional expense, either by the suspension of the work or the necessity of drawing gravel from a greater distance, in consequence of his agreement with the plaintiff in review. If the defendant in review was not liable to pay to his sub-contractor any additional sum beside that stipulated to be paid by the original contract, in consequence of such delay or extra work, then he cannot recover in this action, because he cannot show any liability on the part of the plaintiff in review under the agreement set out in the original declaration. The question was not whether there was delay or extra expense in doing the work, in order to make the change contemplated by the contract of the parties to

this suit, but whether any extra cost or expense had been occa·sioned to the defendant in review thereby. It was this only which, according to the averments in the declaration, the plain·tiff in review agreed to pay. Unless the defendant in review can prove an actual payment or a liability to pay for extra work and delay in doing the job, or some other inconvenience, injury or loss sustained by him in consequence of his agreement with the plaintiff in review, he cannot recover in this action. Such is the true interpretation of the agreement set out in the amended count, which was proved at the trial. The instructions did not present the case in this light to the jury, and we fear that they may have been misled by the omission to give more full and explicit directions on this part of the case.

*Exceptions sustained.*